Tyler Hotchkiss, WSBA No. 40604
Mari Foreman Groff, WSBA No. 56030
Foreman, Hotchkiss, Bauscher &
Zimmerman, PLLC
124 N. Wenatchee, Ave., Suite A
P. O. Box 3125
Wenatchee, WA  98807
(509) 662-9602; Fax (509) 662-9606
mari@fhbzlaw.com
tyler@fhbzlaw.com

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

CHRISTINA ST. CLAIR, an individual,

               Plaintiff,

      v.

OKANOGAN COUNTY,
WASHINGTON, a municipal
corporation; and ISAIAH
HOLLOWAY, an individual and
employee of OKANOGAN COUNTY,

               Defendants.

**CASE NO. 2:23-cv-00280-TOR**

**FIRST AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

     COMES NOW Plaintiff, by and through her attorneys, Tyler D. Hotchkiss and Mari Foreman Groff of Foreman, Hotchkiss, Bauscher & Zimmerman, PLLC, and brings this first amended complaint for causes of action against the Defendants and alleges as follows:

FIRST AMENDED COMPLAINT-1

## I. PARTIES

1.         Okanogan County, Washington ("Okanogan County") is a municipal corporation formed under the laws of the State of Washington.

2.         Isaiah Holloway ("Holloway") was employed by Okanogan County, specifically the Okanogan County Sheriff's Office ("OCSO"), from at least 2009 through approximately December of 2021.   Upon information and belief, Holloway lives in Okanogan County, Washington.  Holloway acted under color of state law at all times relevant to this complaint.

3.         Plaintiff, Christina St. Clair ("C.S.C.") is a woman, a convicted former criminal and recovering drug addict who has lived in Okanogan County, Washington most of her life.

4.         The OCSO is an entity that is a subdivision of Okanogan County.

5.         Okanogan County is legally responsible for the actions of the OCSO, as the OCSO is a subdivision of Okanogan County.

## II. JURISDICTION AND VENUE

6.         Jurisdiction is proper in the United States District Court for Eastern Washington pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3) and (4).

7.         Venue is proper under 28 U.S.C. § 1391(b) as one or more of the Defendants reside in the Eastern District and Plaintiff's claims arose in this

FIRST AMENDED COMPLAINT-2

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

District.

8.          This Court has supplemental jurisdiction over the pendant state law claims under 28 U.S.C. § 1367(a).

9.          Plaintiff properly served a tort claim form to Okanogan County and the OCSO related to Holloway, the OCSO and Okanogan County pursuant to RCW 4.96.020 on July 26, 2023.

10.         More than sixty (60) days have elapsed since proper submission of the tort claim form and based thereon this court has jurisdiction over Plaintiff's state law claims against Holloway, the OCSO and Okanogan County.

## II.    FACTUAL SUMMARY

## A. DEPUTY HOLLOWAY'S INAPPROPRIATE RELATIONSHIP WITH C.S.C.

11.         In approximately 2009, the OCSO hired Holloway to be a deputy.

12.         In approximately 2014, a concerned citizen and the uncle of C.S.C., John Kirk, called in a complaint about Holloway to dispatch and a sergeant of the OCSO (the "C.S.C. Complaint").

13.         The concerned citizen, John Kirk, actually talked to dispatch and a Sergeant of the OCSO about the C.S.C. Complaint.

14.         In the C.S.C. Complaint, John Kirk stated that he saw Holloway having sexual   intercourse   or   otherwise

FIRST AMENDED COMPLAINT-3

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

participating in inappropriate sexual activity with Plaintiff C.S.C., a woman who was a known and practicing criminal and drug addict at the time, near John Kirk's home, where C.S.C. also then lived.

15.      John Kirk informed them that C.S.C. was involved in the criminal justice system and drugs and that he was upset that Deputy Holloway was pursuing C.S.C. for a sexual relationship.

16. Upon information and belief, Holloway had previously arrested C.S.C. and/or her then boyfriend K.S. on drug related charges.

17. Holloway initially contacted C.S.C., obtained C.S.C.'s contact information and maintained contact with C.S.C. through the course of his official duties as a sheriff deputy.

18. Holloway contacted C.S.C. on his OCSO work phone and eventually on his personal phone.

19. Most of Holloway's communication with C.S.C. occurred on his police issued cellular phone.   This communication lasted through 2021.

20. During the time that Deputy Holloway was contacting C.S.C. through his phones, he was grooming C.S.C. for sexual contact.

21. Deputy Holloway also used his position as a deputy to unexpectedly find C.S.C. and meet up with her on a number of occasions from 2014 to 2021.

FIRST AMENDED COMPLAINT-4

22. During these times Holloway was misusing his position of authority to establish control over C.S.C. and the ability to manipulate her.

23. At the time of the C.S.C. Complaint, Holloway knew C.S.C. was a drug addict through his interactions with her and her then boyfriend K.S.

24. At the time of the C.S.C. Complaint, C.S.C. was in deep addiction to methamphetamine drugs.

25. Holloway investigated a burglary that C.S.C. had been involved in and had not been charged for.

26. Holloway reminded C.S.C. of her involvement in that burglary and that she had not been charged for it after he engaged in sexual contact with her, purposely manipulating her and using his position of authority to control her.

27. Holloway took advantage of his position of power over C.S.C. as a female involved in the criminal justice system and her disability as a drug addict to pressure her into engaging in sexual activity with him.

28. This sexual activity consisting of groping private parts, touching private parts and sex, as well as sexual communication over text message and video conferencing technology.

29. The sexual activity occurred many times while Holloway was on duty, while Holloway was in his police uniform and at or near his police car as well as times

FIRST AMENDED COMPLAINT-5

when he was off duty.

30. Holloway had an extended sexual relationship with C.S.C. continuing into 2021.

31.     Upon information and belief, Holloway exchanged favors related to C.S.C.'s criminal activity for sexual acts, including but not limited to choosing not to pursue criminal investigation of C.S.C. when she was a suspect.

32. Holloway also told C.S.C. that people would not believe her because of her involvement with drugs and crime.

33.  Okanogan County, by and through Dave Rodriguez, the Chief Criminal Deputy of the OCSO at the time, while investigating the C.S.C. Complaint in approximately 2014  and after the OCSO spoke to John Kirk, spoke with C.S.C. in regard to the C.S.C. Complaint, who denied the C.S.C. Complaint at the time.

34.     After talking to C.S.C., the OCSO never spoke to John Kirk about the C.S.C. Complaint again.

35. After talking with C.S.C., the OCSO never spoke to C.S.C. about the C.S.C. Complaint again.

36. Deputy Holloway had a meeting about John Kirk's call and the C.S.C. Complaint with his superiors, including then Chief Criminal Deputy Dave Rodriguez and two OCSO sergeants.

37. Holloway was driven to and from this meeting by his co-worker, Terry Shrable.

FIRST AMENDED COMPLAINT-6

**FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC**
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

38. At the end of the meeting, management within the OCSO told Deputy Holloway "not to do it again."

39. Upon information and belief, OCSO never effectively punished Holloway related to the C.S.C. Complaint or otherwise required any corrective action of Holloway related to the C.S.C. Complaint other than telling Holloway to stay away from C.S.C.

40. C.S.C.'s former boyfriend, K.S., accused Holloway of sleeping with his girlfriend to Holloway's then partner, Deputy Terry Shrable.

41. The Sheriff of the OCSO after the C.S.C. Complaint told Holloway to stay away from C.S.C.

42. Holloway told C.S.C. that he had been told by his supervisors to stay away from her.

43. Holloway did not follow the direction of the Sheriff and the OCSO to stay away from C.S.C. and continued to contact C.S.C. and have a sexual relationship with her until 2021.

44. After the OCSO told Holloway to stay away from C.S.C. he was regularly with C.S.C. both on duty in his uniform and with his police car and off duty.

45. The OCSO should have known Holloway continued to contact and have a relationship with C.S.C.

FIRST AMENDED COMPLAINT-7

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

46. Holloway and C.S.C. participated in sexual activity approximately 20 times over the years into 2021.

47. C.S.C. was aware that Holloway knew about criminal charges against C.S.C. that Holloway never turned her in for, including a burglary and drug charges.

48. C.S.C. believed Holloway gave her preferential treatment in exchange for the sexual activity.

49. C.S.C. was not able to legally consent to sex with Holloway under the circumstances, including her drug addiction and the potential criminal charges when the sexual contact began. C.S.C. was not able to legally consent to sex with Holloway due to her being a criminal in the community where Holloway worked as a deputy at the time they met and due to Holloway investigating her and her boyfriend regularly while she was a criminal and drug addict. C.S.C. was not able to legally consent to sex with Holloway because he had groomed her and established control over her and the ability to manipulate her.

50. C.S.C. did not feel free to refuse or curb the sexual activity with Holloway who had previously arrested her, knew her to be a drug addict, and knew her to have been involved in other crimes, as well as involved with other criminals and drug addicts.

51. Holloway knew at the time he began a sexual relationship with C.S.C. that she

FIRST AMENDED COMPLAINT-8

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

was a known drug addict, a known criminal and knew that he would likely come into contact with C.S.C. again through the course of his duties as a sheriff's deputy in their small community.

52. Holloway sometimes contacted C.S.C. through a fake Facebook profile, Jacob Jones.  Holloway maintained the sexual relationship, at least in part, through this Facebook profile.

53. Holloway directed sexual harassment and advances toward C.S.C. because she was a woman.

54. Holloway directed coercive techniques toward C.S.C. because she was a woman.

55. As a result of Holloway's misuse of his position of power and violation of her constitutional rights, C.S.C. has suffered damages, including but not limited to trauma, fear and distrust of authority, anxiety and depression as well as damage to her familial relationships.

56. There is no record of the C.S.C Complaint and there is no record of any investigation into the C.S.C. Complaint in the records of Okanogan County.

57. Upon information and belief, there was written documentation of the complaint and investigation of the C.S.C. Complaint in OCSO records.

58. The OCSO deleted or removed the investigation of Holloway related to the

FIRST AMENDED COMPLAINT-9

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

C.S.C. Complaint from its records in violation of state law, OCSO policy and common sense. Documents that were deleted and removed from the OCSO files includes emails, investigation results, notes from the investigation, documents from Spillman, a police system used for logging phone calls and other information, and other documents related to the investigation.

59.     The OCSO did not properly investigate Holloway related to the C.S.C. Complaint.

60.     The OCSO did not properly create or maintain records related to the C.S.C. Complaint.

61.     Okanogan County, through the OCSO, did not obtain an outside, neutral third party to investigate and evaluate the C.S.C. Complaint.

62.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with women after the C.S.C. Complaint.

63.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with drug using individuals after the C.S.C. Complaint.

64.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with criminals and those under investigation for crimes after the C.S.C. Complaint.

65.     The OCSO did not properly supervise Holloway related to the C.S.C.

FIRST AMENDED COMPLAINT-10

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

Complaint and his conduct thereafter. For example, the OCSO did not monitor Deputy Holloway's movements to ensure he was not contacting C.S.C. through his official duties, including but not limited to ensuring he was not spending time at her place of employment or her home. Nor did the OCSO monitor Deputy Holloway's movements and communications after later complaints of a similar nature were lodged against him, including one in 2020 and another in 2021.

66.     After the C.S.C. Complaint, instead of punishing Holloway, the OCSO moved Holloway from duties based in or around the City of Okanogan, Washington area to duties based in Northern Okanogan County. The OCSO knew of his violations and failed to act to prevent them from occurring again and instead sent him on to a new area where it was foreseeable that he could continue misusing his position to deprive female drug using criminals, including C.S.C., of their constitutional rights.

67.  Holloway misused his position of power to violate C.S.C.'s constitutional rights, and the acting Sheriff for the OCSO, the decision making authority for the OCSO, and the OCSO knew that Holloway was violating the rights of C.S.C. and other women, including but not limited to: C.S.C.'s Fourth Amendment rights to a reasonable expectation of privacy in searches and seizures of her person and property were deprived and excessive force was used when Holloway used his

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602 Fax: (509) 662-9606

position of authority to procure her personal contact information for personal means in the course of a criminal investigation and while she was otherwise involved in the criminal justice system and used that contact information to flirt with and sexually harass her while he was investigating crimes in which C.S.C. and/or her boyfriend were involved and while she and/or her boyfriend were under threat of impending punishment from Okanogan County and the Court, culminating in his use of authority over her to induce her to meet him, while C.S.C. could ostensibly still be punished under the criminal justice system for her drug related acts, where he detained and unreasonably searched and seized her person, while she was under the disability of drug addiction, rendering her unable to leave until he had exacted sexual acts from her; C.S.C.'s Fourteenth Amendment rights were violated when Holloway denied C.S.C. her procedural due process rights when he exacted sexual acts from her instead of directing her through standard law enforcement and court procedures for her involvement in drug related activities; C.S.C.'s Fourteenth Amendment rights were violated when Holloway denied C.S.C. her substantive due process rights, a deprivation of liberty of her person without due process of law, when he: (a) exacted sexual acts from her instead of directing her through standard law enforcement and court procedures for her involvement in drug related activities; (b) sexually assaulted

FIRST AMENDED COMPLAINT-12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

her; and, (c) coerced her into performing sexual acts on multiple different occasions using his authority as a deputy  in the small community where C.S.C. lived and frequently interfaced with law enforcement, due in part to her drug addiction, as power and leverage over her; and C.S.C.'s Fourteenth Amendment right to equal protection under the laws were violated when Holloway so exacted sexual acts from her and treated her differently than similarly situated persons based on her sex.

68.    The acting Sheriff for the OCSO, the decision making authority for the OCSO, and the OCSO knew or had reason to know that Holloway was violating the Fourth Amendment and Fourteenth Amendment constitutional rights of C.S.C. The OCSO and the Sheriff for the OCSO ratified, endorsed, and encouraged Holloway's conduct to the extent it became a custom and/or policy of the OCSO to violate the civil rights of, discriminate against and harass drug using female criminals based on their sex by failing to sufficiently train, supervise, discipline or terminate Holloway, and by instead eventually promoting him.

69.  Deputy Holloway had a continuous sexual relationship with C.S.C. from approximately 2014 to May of 2021.  During that period Deputy Holloway would contact C.S.C. on a routine basis, through text message, phone call, video

FIRST AMENDED COMPLAINT-13

conferencing, in person and other means of communication.

70. In approximately 2014 Holloway had sex with C.S.C. near the home of C.S.C.'s uncle by Holloway's vehicle.

71. In this same time period Holloway and C.S.C. met at his car in various places including meeting multiple times near a softball field in Omak by Riverside drive where Holloway would grope C.S.C.'s breasts and kiss her.

72. Holloway had C.S.C. sit on his lap, grab his penis, and he would grab her vagina.

73. Holloway and C.S.C. also met up in the parking lot of family health center and would grab her breasts aggressively, to the point her breasts would physically hurt. He would also leave hickeys on her breasts.

74. Holloway initiated text messages with C.S.C. repeatedly from 2014 to 2021, persisting in contacting her even when C.S.C. would not respond and asking for sexual relations with her and making sexual comments to her. These sexual advances were unwanted.

75. Holloway insisted on meeting up with C.S.C. and used various techniques to manipulate her including telling her he was so depressed, that his mental health was messed up, that he depended on C.S.C. and she deserted him, that she was the one for him and that if only they had met before he got married. He also told C.S.C. no one would believe her and reminded her of her involvement in

FIRST AMENDED COMPLAINT-14

previous criminal activity.

76. Holloway invited C.S.C. to his house for sexual activity.  Holloway stated there was a way out of his house where she could leave and not get caught in case his wife came home.

77. In 2017 Holloway came to C.S.C.'s Omak house and had sex with her while she was pregnant.

78. In 2019 Holloway contacted C.S.C. through Facebook Messenger after hearing C.S.C. had gotten a restraining order against a man.

79. In December 2019 Holloway came to C.S.C.'s house and pressured her into having sex with him.  C.S.C. did not want to have sex with him in part because her young children were in the house at the time but felt controlled by Holloway, was concerned about her previous burglary charge and other information that Holloway had against her, felt she was unable to tell him to leave or stop the sexual advances and felt she was unable to leave.

80. Holloway gave her $50 cash which he called a Christmas gift.

81. Holloway asked C.S.C. to send him sexual pictures many times.

82. Holloway sent C.S.C. pictures of his penis multiple times.

83. In December of 2020 or early 2021 Holloway facetimed with C.S.C. and showed her his penis during their call.  This sexual advance was unwanted. C.S.C. could

FIRST AMENDED COMPLAINT-15

see his daughter was in the background at the time. As the relationship continued into 2020 and 2021, Holloway's comments about not being believed, her prior burglary and other compromising information that Holloway had against her due to his role as a police officer played a substantial role in her decisions. Holloway was acting under color of state law during these times.

84. In 2021 Holloway came to C.S.C.'s house. C.S.C. met him outside her front door at the bottom of her steps. Holloway was working, acting under color of state law, was in his police car and was in work attire (he had been promoted to detective by this time). C.S.C. had told Holloway she did not want to meet up and that she did not want his sexual advances prior to this altercation. Uninvited and without consent, Holloway came up to C.S.C. hugged her and grabbed her bottom. He stated he wanted to come inside to engage in sexual activity.

85. C.S.C. did not want to engage in sexual activity with Holloway but Holloway persisted. C.S.C. backed away. A neighbor saw this encounter and asked C.S.C. about it after.

86. After this encounter Holloway continued to send sexual text messages to C.S.C. He also sent her pictures.

87. On several occasions from 2014 to 2021, Holloway told C.S.C. that his vehicle location tracker was not working. At one point after making such a statement,

FIRST AMENDED COMPLAINT-16

Holloway met C.S.C. at the forest service/health department building and had her grab his privates.  C.S.C. met Holloway at this location at various times for sexual advances.

88.  At one point, in 2014, 2015 or 2016, Christina set her phone down while she was at a casino.  Soon thereafter, several deputies, including Holloway came around the corner with her phone.  Knowing that the phone had incriminating information on it, C.S.C. told Holloway the phone was not hers.  The phone had information about drug deals and other drug activity on it.  Holloway then took C.S.C. to a location for hours and told her he had looked through the phone and knew what was on it.  He then flirted with her for a couple of hours as they sat in the police car.  Nothing ever came of the information in the phone about drug deals but C.S.C. knew that Holloway had the information and was afraid he could use it against her at any time.

89.  C.S.C. felt controlled by Holloway and that she could not get away from him.

90.  In the fall of 2021 Holloway asked C.S.C. to meet him for lunch.  He had been continuously asking her to meet up.  This time he was persistent and forceful and C.S.C. relented. They met at the taco wagon across from Rawson's in Okanogan. Holloway got out of the vehicle and attempted to hug C.S.C.

FIRST AMENDED COMPLAINT-17

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

91. Holloway told C.S.C. there was some stuff going on about Maddesyn George but none of it was true.

92. Holloway told C.S.C. that he was not sleeping with other women.

93. Holloway told C.S.C. his mental health was messed up and C.S.C. was not there for him, that he was losing weight and not eating.

94. Holloway made C.S.C. feel guilty for not responding to more of his sexual advances.

95. Holloway blamed C.S.C. for some of his problems.

96. C.S.C. saw a November 2021 news article about Holloway and Maddesyn George sometime after it came out on social media.

97. Reading this article and learning that Holloway was targeting other drug addicted women over the same time period he targeted C.S.C. forced C.S.C. to start to realize Holloway had been using his position of authority to manipulate her and control her for years and had lied to her about the nature of their relationship.

98. After reading this article C.S.C. started experiencing anxiety when she was around law enforcement and starting experiencing pain, anxiety and other negative effects

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

from her relationship with Holloway.

99. Seeing a cop car started triggering anxiety in C.S.C.

100. For example, on two different occasions after the fall of 2021 she had to interact with law enforcement in her work, which triggered an anxiety response in her.

101. C.S.C. does not yet have a full understanding of how Holloway's abuse of his position of power over her for years has injured her.

102. In the Spring of 2022, C.S.C. still felt controlled by Holloway and obligated to protect him and she went through her phones and deleted all of the text messages and pictures from Holloway.

103. In the summer or fall of 2022, Holloway's first attorney in the Vanessa Velasco Ortega matter contacted C.S.C. When the attorney told C.S.C. she could be subpoenaed C.S.C. told her that she will not lie for Holloway. She saw the answer to the complaint in which Holloway admitted to sexual relations with Vanessa Velasco Ortega and did not admit to such relations with her. This bothered C.S.C.

104. This conversation forced C.S.C. to the painful realization that Holloway had lied

FIRST AMENDED COMPLAINT-19

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

to her previously, was lying then about his relationship with her and misused his position of power over her and that she may have been harmed by her relationship with Holloway.

105. The majority of times that C.S.C. had sexual relations with Holloway, including the majority of times described herein, Holloway was in his police uniform and driving his police vehicle.

106. Knowing that Holloway was inappropriately contacting C.S.C., upon information and belief, the OCSO failed to obtain vehicle logs from the C.S.C. Incident and after the C.S.C. Incident to determine the extent of Holloway's contact with C.S.C. and other criminally involved and drug addicted females.

107. Due to OCSO's traditional duties investigating crimes, the OCSO had a particularly strong and in-depth knowledge about the effect their failure to preserve evidence would have on any investigation and prosecution of claims against Holloway and the OCSO.

108. OCSO's failure to preserve evidence related to C.S.C. was intentional. In the alternative, OCSO's failure to preserve evidence related to C.S.C. was done with a reckless disregard for its consequences.

109. OCSO's failure to create documentation and records of the C.S.C. complaint and how it was handled was intentional. In the alternative, OCSO's failure to create

FIRST AMENDED COMPLAINT-20

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

documentation and records of the C.S.C. complaint and how it was handled was done with a reckless disregard for its consequences.

110. OCSO's destruction of Spillman documentation of C.S.C.'s uncle's call regarding the C.S.C. complaint was intentional.  In the alternative, such destruction was done with a reckless disregard for its consequences.

111. OCSO failed to properly supervise Holloway after the C.S.C. incident.  The OCSO failed to monitor his communications, failed to monitor his activities and location, failed to provide appropriate training to Holloway, including but not limited to training on how to deal with and intervene with women and drug addicts and failed to appropriately discipline him.

112. Each one of the sexual interactions above, including video messaging detailed herein, the sexual activity, the unwanted physical touching and other matters described herein, violated her constitutional rights.

113. Each of the sexual interactions above, including video messaging detailed herein, the sexual activity, the unwanted physical touching and other matters described herein, was directed at her because she was a woman.

114. C.S.C.'s knowledge of her injury related to her relationship with Holloway was delayed or eliminated due to Holloway's grooming and manipulation of and control over her.

## B. DEPUTY        HOLLOWAY'S

FIRST AMENDED COMPLAINT-21

## INAPPROPRIATE RELATIONSHIP WITH M.G.

115.     In 2018, Holloway began inappropriate sexual advances toward M.G., a woman.

116.     At that time of the inappropriate sexual advances, M.G. was a known and active criminal and a known and active drug addict or drug user.

117.     Upon information and belief, Holloway engaged in an inappropriate sexual relationship with M.G. at some point.

118.     M.G. told at least two others she had had sex with Holloway.

119. During Holloway's employment with the OCSO, the OCSO became aware of Holloway's inappropriate sexual advances toward M.G. while Holloway was conducting police activities and acting under the color of state law (the "M.G. Complaint").

120.     While Holloway was still employed with the OCSO, the OCSO became aware of an allegation that Holloway was attempting to exchange sexual favors from M.G. for favorable treatment by the OCSO in investigations and while acting under color of state law.

121.     There was no punishment or other corrective action taken against Holloway related to the M.G. Complaint.

122.     The OCSO never talked to M.G. herself about the M.G. Complaint.

FIRST AMENDED COMPLAINT-22

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

123.     Upon information and belief, the OCSO did not talk to Holloway about the M.G. Complaint.

124. Upon information and belief, the OCSO did not properly investigate Holloway related to the M.G. Complaint.

125. The OSCO put J.W. in charge of the internal investigation into Holloway and the M.G. Complaint.

126. J.W. himself had previously been accused of engaging in similar sexual activities with drug addicted women involved in the criminal justice system in Okanogan County.

127.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with women after the M.G. Complaint.

128.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with drug using individuals after the M.G. Complaint.

129.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with criminals and those under investigation for crimes after the M.G. Complaint.

130.     The OCSO did not properly supervise Holloway related to the M.G. Complaint and his conduct thereafter.

131.     Okanogan County, through the OCSO, did not obtain an outside, neutral

FIRST AMENDED COMPLAINT-23

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

third party to investigate and evaluate the M.G. Complaint.

132.    The acting Sheriff for the OCSO, the decision making authority for the OCSO, and the OCSO knew or had reason to know that Holloway was violating the Fourth Amendment and/or Fourteenth Amendment constitutional rights of M.G. The OCSO and the Sheriff for the OCSO and the Sheriff for the OCSO ratified, endorsed, and encouraged Holloway's conduct to the extent it became a custom and/or policy of the OCSO to violate the civil rights of, discriminate against and harass drug using female criminals based on their sex by failing to sufficiently train, supervise, discipline or terminate Holloway, and by instead eventually promoting him.

## C. DEPUTY HOLLOWAY'S INAPPROPRIATE RELATIONSHIP WITH M.S.P.

133.    Deputy Holloway had a sexual relationship with M.S.P., a female drug user and known criminal in the Okanogan County community.  M.S.P. was a minor at the time of this inappropriate sexual relationship.

134.    The sexual relationship with M.S.P. occurred after Holloway was hired with the OCSO but before December 31, 2015.

135.    During the time that Deputy Holloway was having an inappropriate sexual relationship with M.S.P., M.S.P. was on probation, being investigated for crimes or otherwise in regular contact with

FIRST AMENDED COMPLAINT-24

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

law enforcement.

136.    During the time that Deputy Holloway was having an inappropriate sexual relationship with M.S.P., M.S.P. was actively in drug addiction or actively using illegal drugs.

137.    In exchange for the sexual acts, Deputy Holloway would prevent M.S.P. from being charged with crimes, prevent M.S.P. from receiving probation violations and prevent M.S.P. from otherwise receiving punishment for her illegal acts.

138.    There is no known investigation of Holloway's misuse of his position of power and authority to violate the constitutional rights of M.S.P.

139.    There was no known punishment of Holloway related to Holloway's acts with M.S.P.

140.    The OCSO failed to supervise Holloway related to his relationship with M.S.P.

**D. DEPUTY HOLLOWAY'S INAPPROPRIATE RELATIONSHIP WITH R.S.P.**

141.    Upon information and belief, after he was hired with the OCSO, Deputy Holloway had a sexual relationship with R.S.P., a female drug user and known criminal in Okanogan County.

142.    During the time that Deputy

FIRST AMENDED COMPLAINT-25

Holloway was having an inappropriate sexual relationship with R.S.P., R.S.P. was on probation, being investigated for crimes, was in custody and otherwise in regular contact with law enforcement.

143.    During the time that Deputy Holloway was having an inappropriate sexual relationship with R.S.P., R.S.P. was actively in drug addiction or actively using illegal drugs.

144.    Upon information and belief, in exchange for the sexual acts, Deputy Holloway would prevent R.S.P. from being charged with crimes, prevent R.S.P. from otherwise receiving punishment for her illegal acts and otherwise provide her favors that only law enforcement could provide.

145.    There is no known investigation of Holloway's misuse of his position of power and authority to violate the constitutional rights of R.S.P. and, upon information and belief, none exists.

146.    There was no known punishment of Holloway related to his acts involving R.S.P. and, upon information and belief, none exists.

147.    The OCSO failed to supervise Holloway related to his relationship with R.S.P.

**E. DEPUTY HOLLOWAY'S INAPPROPRIATE RELATIONSHIP WITH V.O.**

148.    In the spring or summer of

FIRST AMENDED COMPLAINT-26

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

2019, Holloway arrested V.O. on a warrant.

149.     In the summer of 2019, V.O. was actively involved in criminal activity and remained active until at least the fall of 2021.

150.     In the summer of 2019, V.O. was actively addicted to methamphetamine and other drugs and remained actively addicted until at least the fall of 2021.

151.     On September 13, 2019, Holloway approached V.O. in the driveway of her childhood home while she was getting out of her car.  Holloway was in his police uniform, carrying his OCSO assigned gun and was in an OCSO police vehicle.  Holloway was investigating a burglary and theft and otherwise acting under the color of state law.  Kyle Coggins was a suspect in the burglary and theft.

152.     As part of an OCSO investigation, Deputy Holloway received information before his contact with V.O. that V.O. had been riding around in a car with Kyle Coggins and that she may have been in possession of property that was stolen in the burglary.

153.     On September 13, 2019, V.O. provided stolen property from her car that was used in the prosecution of Kyle Coggins (the "September 13, 2019 Incident").

154.     Possession of Stolen Property is a crime in Washington under RCW

FIRST AMENDED COMPLAINT-27

9A.56.140.

155.    V.O. was scared of being charged with a crime for the September 13, 2019 Incident.

156.    After the September 13, 2019 Incident, Holloway began calling V.O. from his work phone.  Holloway received V.O.'s phone number from his duties as a sheriff deputy.

157.    Thereafter, Holloway initiated contact with V.O. through his duties as a sheriff's deputy and initiated text messages with V.O. from his OCSO work phone regarding personal matters.  The text messages to V.O. then began to get flirtatious.

158.    Holloway then began to initiate text messages with V.O. from his personal phone.

159.    During this time, Holloway was grooming V.O. for sexual contact.

160.    Thereafter, Holloway drove his police car to Bud Clark Field (a.k.a. Community Field) in Oroville, Washington.  Bud Clark Field is a park with baseball fields near where V.O. lived at the time.

161.    Holloway told V.O. to come to meet him at his car at Bud Clark Field.

162.    Holloway was in his police car, was on duty, was wearing his gun and was in his police uniform at the time.  Holloway was still involved in the

FIRST AMENDED COMPLAINT-28

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

investigation and/or prosecution of Kyle Coggins for the stolen items in V.O.'s car that she had provided to Holloway when confronted by him previously.

163.     V.O. had been arrested previously by Holloway, knew that she could be charged with a crime for having the stolen property, and was aware that Holloway was aware of the same.

164.     Holloway then initiated sexual intercourse with V.O. in the police car.

165.     Once Holloway physically touched V.O., considering the nature of their previous interactions, V.O. did not feel free to leave and V.O. did not feel free to decline his sexual advances.  No reasonable person would have felt free to leave under the circumstances.

166.     It was not reasonable for Holloway to detain V.O. and make sexual advances to her under the circumstances.

167.     Approximately two more times thereafter Holloway drove his OCSO police vehicle to Bud Clark Field while on duty, wearing his uniform and OCSO assigned gun, and initiated sex with V.O.

168.     At all times relevant to the sexual intercourse, V.O. was high on methamphetamine, a drug addict and an active criminal.  She was afraid of Holloway who had previously arrested her, knew her to be a drug addict, and knew her to have been in possession of stolen materials in a matter Holloway was

FIRST AMENDED COMPLAINT-29

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

investigating.

169.    Holloway and V.O. had sexual intercourse approximately 5 to 10 times while she was actively using and addicted to drugs.

170.    Holloway has admitted to having sexual intercourse with V.O.

171.    Each time that Holloway and V.O. had sexual intercourse, V.O. was high on methamphetamine.

172.    Each time that Holloway and V.O. had sexual intercourse, V.O. was actively under investigation, actively on probation or actively charged with a crime or crimes.

173.    Each time that Holloway and V.O. had sexual intercourse V.O. was actively using drugs and under a drug addiction.

174.    Due to her intoxication V.O. was never able to legally consent to the sexual relationship with Holloway.

175.    Due to being a criminal, actively charged with a crime, on probation and being actively investigated for criminal activity V.O. was never able to consent to the sexual relationship with Holloway.

176.    Due to being an active drug user and drug addict V.O. was never able to legally consent to a sexual relationship with V.O.

177.    Due to V.O. being on probation, being actively investigated for criminal

FIRST AMENDED COMPLAINT-30

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

activity, having pending charges, being a criminal, and being involved in a matter Holloway was investigating, Holloway had a special relationship to V.O.

178.    Each time that Holloway and V.O. had sexual intercourse Holloway knew that V.O. was high, a known drug addict, a known criminal and knew that he would likely come into contact with V.O. again through the course of his duties as a sheriff's deputy in their small community.

179.    The nature of the relationship between V.O. and Holloway was never disclosed to Kyle Coggins prior to the resolution of his case.

180.    Holloway and V.O. also engaged in sexting from the fall of 2019 through 2020.

181.    V.O. was never charged with a crime for the September 13, 2019 Incident.

182.    During their sexual relationship, Holloway would provide favors for V.O. in exchange for the sexual relationship.  For example, Holloway would warn V.O. about police activity in the area, warn V.O. when she was the suspect or otherwise involved in police investigations and would otherwise provide favors for V.O. in his duties as a sheriff deputy.  At one point, V.O. admitted that she may have been involved in a crime to Holloway.  The next day Holloway told her that she did not need to worry about being prosecuted for that crime because her shoe size did not match the size of a shoe at the crime scene and Holloway

FIRST AMENDED COMPLAINT-31

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

communicated to V.O. that he told other officers that the OSCO should not pursue V.O. for that crime.

183.    The acts of Holloway herein were only possible because Holloway was acting as a Sheriff's deputy under color of state law.

184.    On March 7, 2020, the OCSO received a complaint made through a phone call to dispatch that Holloway was "texting [V.O.] how to get out of her charges and that they are in an intimate relationship (the "March 7, 2020 Allegations")."

185. In this recorded dispatch call, the OSCO was told that V.O. was in jail at that time and her phone, which contained evidence of Holloway helping her get out of charges and of their sexual relationship, was in OSCO custody.

186.     Other complaints were made to the OCSO prior to or on March 7, 2020 regarding V.O.'s inappropriate relationship with Holloway.

187.    On March 8, 2020, with knowledge that a complaint had been made against him, Holloway texted a supervisor within the OCSO that he "fell into a world of porn addiction, sexting, and now an affair."

188.    Holloway was placed on administrative leave with pay until he was cleared to return to work by his counselor.

189.    Holloway returned to work fully reinstated with pay on April 22, 2020.

FIRST AMENDED COMPLAINT-32

**FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC**
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

190.     At no time on or prior to Holloway's reinstatement on April 22, 2020, did the OCSO effectively attempt to investigate the March 7, 2020 Allegations.

191. From March 7, 2020 to April 22, 2020, evidence of Deputy Holloway's inappropriate sexual relationship and behaviors was destroyed or otherwise not preserved, including but not limited to evidence that existed on Deputy Holloway's computer and V.O.'s phone.

192. On or after his return on April 22, 2020, Deputy Holloway told OCS) investigators that his computer and hard drive "quit."

193. The OCSO failed to preserve the hard drive.

194. The OCSO failed to otherwise preserve the computer.

195. On May 13, 2020, Holloway admitted to Laura Wright, then Chief Criminal Deputy of the OCSO, that he had met with V.O. at Bud Clark Field twice and had sex in December of 2019.

196.     During the investigation, the OCSO contacted V.O. at her home, while her boyfriend and her children were present, and asked if she had an inappropriate relationship with Deputy Holloway.  V.O. told the OCSO that she and Holloway did not have such a relationship.

197.     The OCSO knew that V.O.'s mother had information in regard to the March 7, 2020 Allegations.  The OCSO never contacted V,O.'s mother.

FIRST AMENDED COMPLAINT-33

198. On June 16, 2020, Holloway was issued a letter of reprimand and purported to suspend him without pay for two days for a "lapse of judgment on at least one occasion (the "June 16, 2020 Action")." Upon information and belief, however, Holloway's pay was re-instated and he never missed any pay due to the June 16, 2020 Action.

199. From April 22, 2020 to June 16, 2020 Holloway worked with full pay and without restriction as a deputy, and then as a detective, with the OCSO.

200. Holloway was selected as detective over other qualified candidates on May 4, 2020 and was promoted. His selection as detective occurred prior to the June 16, 2020 Action and well prior to completion of the OCSO's investigation into the March 7, 2020 Allegations.

201. In the fall of 2020, Holloway re-initiated a relationship with V.O. through a fake Facebook profile, Jacob Jones. Holloway revealed himself through private details that only V.O. would know.

202. Holloway and V.O. met up again in the fall of 2020 and had sexual intercourse while Holloway was employed with the OCSO.

203. Holloway directed sexual harassment and advances toward V.O. because she was a woman.

204. Holloway directed coercive techniques toward V.O. because she was a

FIRST AMENDED COMPLAINT-34

woman.

205.     As a result of Holloway's misuse of his position of power and violation of her constitutional rights, V.O. has suffered damages, including but not limited to trauma, fear and distrust of authority, anxiety and depression as well as damage to her familial relationships.

206.     Holloway put in his notice in November 2021 and resigned his employment with the OCSO effective January 2022.

207.     The OCSO did not properly investigate Holloway related to the V.O. incidents.

208.      Okanogan County, through the OCSO, did not obtain a neutral, outside third party to investigate and evaluate the allegations related to V.O.

209.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with women after the V.O. incidents.

210.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with drug using individuals after the V.O. incidents.

211.     The OCSO did not require Holloway to attend proper training on how to deal and intervene with criminals and those under investigation for crimes after the V.O. incidents.

212.     The OCSO did not properly supervise Holloway related to the V.O.

FIRST AMENDED COMPLAINT-35

incidents and his conduct thereafter.

213.    The OCSO did not properly punish Holloway related to the V.O. incidents.

214.    Holloway misused his position of power to violate V.O.'s constitutional rights and the acting Sheriff for the OCSO, the decision making authority for the OCSO, and the OCSO knew that Holloway was violating the rights of V.O. and other women, including but not limited to: V.O.'s Fourth Amendment rights to a reasonable expectation of privacy in searches and seizures of her person and property were deprived and excessive force was used when Holloway used his position of authority to procure her personal contact information for personal means in the course of a criminal investigation and while she was otherwise involved in the criminal justice system and used that contact information to flirt with and sexually harass her while he was investigating a crime in which V.O. was involved and while she was under threat of impending punishment from Okanogan County and the Court, culminating in his use of authority over her to lure her to his police vehicle at Bud Clark Field while V.O. could still have been charged for her involvement in the September 13, 2019 Incident and while V.O. could still be punished under the criminal justice system for her acts, where he detained and unreasonably searched and seized her person, while she was high, rendering her unable to leave until he had exacted sexual acts from her; V.O.'s

FIRST AMENDED COMPLAINT-36

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

Fourteenth Amendment rights were violated when Holloway denied V.O. her procedural due process rights when he exacted sexual acts from her instead of directing her through standard law enforcement and court procedures  for her involvement in the September 13, 2019 Incident and for her involvement in other activities; V.O.'s Fourteenth Amendment rights were violated when Holloway denied V.O. her substantive due process rights, a deprivation of liberty of her person without due process of law, when he:  (a) exacted sexual acts from her instead of directing her through standard law enforcement and court procedures for her involvement in the September 13, 2019 Incident; (b) sexually assaulted her; and, (c) coerced her into performing sexual acts on multiple different occasions using his authority as a deputy  in the small community where V.O. lived and frequently interfaced with law enforcement, due in part to her drug addiction, as leverage over her; and V.O.'s Fourteenth Amendment right to equal protection under the laws were violated when Holloway so exacted sexual acts from her and treated differently than similarly situated persons based on her sex.

215.    The OCSO and the Sheriff for the OCSO ratified, endorsed, and encouraged Holloway's conduct to the extent it became a custom and/or policy of the OCSO to violate the civil rights of, discriminate against and harass drug using female criminals based on their sex by failing to sufficiently train,

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

supervise, discipline or terminate Holloway, and by instead eventually promoting him.

216. Additionally, in violation of OCSO policy, Deputy Holloway's vehicle log computer system was not functioning or was not turned on during the time he had a sexual relationship with V.O.

217. OCSO did not check Facebook communications of Holloway, either before or after the March 7, 2020 Allegations, the C.S.C. Complaint or at any other time to determine whether or not his conversations were appropriate.

218. Knowing that Holloway was inappropriately contacting V.O., upon information and belief, the OCSO failed to obtain vehicle logs related to V.O. and after the March 7, 2020 Allegations to determine the extent of Holloway's contact with V.O. and other criminally involved and drug addicted females.

219. Knowing that Holloway was inappropriately contacting V.O., the OCSO failed to obtain a search warrant or otherwise preserve evidence on V.O.'s personal phone, which was in possession of the OCSO, at their jail.

220. Due to OCSO's traditional duties investigating crimes, the OCSO had a particularly strong and in-depth knowledge about the effect their failure to preserve evidence, including V.O.'s personal phone, vehicle logs, Holloway's computer, Holloway's Facebook information, text messages and other

FIRST AMENDED COMPLAINT-38

**FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC**
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

information, would have on any investigation and prosecution of claims against Holloway and the OCSO.

221. OCSO's failure to preserve evidence related to V.O. was intentional.  In the alternative, OCSO's failure to preserve evidence related to V.O. was done with a reckless disregard for its consequences.

222. OCSO failed to properly supervise Holloway after his admitted relationship with V.O.  The OCSO failed to monitor his communications, failed to monitor his activities and location, failed to provide appropriate training to Holloway, including but not limited to training on how to deal with and intervene with women and drug addicts and failed to appropriately discipline him.

## F. OCSO POLICIES AND PRACTICES TO OBTAIN AND RETAIN RECORDS AND EVIDENCE WERE DEFICIENT.

223. In 2019, the Washington Association of Sheriffs and Police Chiefs conducted an audit of the OCSO's policies and practices.  The audit concluded that the Sheriff's office had destroyed records with retention value prior to 2019, including records related to citizen complaints, internal investigations and letters of reprimand, and "appear[ed] to be operating outside of many regulating statutes due to a lack of updated and engaged management over a prolonged period."  Additionally, the audit found that the OCSO mismanaged the collection, storage, organization and destruction of evidence.

FIRST AMENDED COMPLAINT-39

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

224. From 2015 to 2019 the OCSO did not perform employee evaluations despite a requirement in their own policies and procedures that such evaluations would be performed.

225. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully failing to document internal investigations.

226. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully not recording citizen complaints.

227. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully failing performing annual employee evaluations.

228. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully removing letters of reprimand from personnel files after one year in violation of the Law Enforcement Records Retention Schedule.

229. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully destroying records that still had retention value.

230. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully destroying records without authority or documentation or use of a destruction log.

231. The OCSO records division had a long standing practice, policy or custom of operating outside of regulations and/or laws related to records retention.

FIRST AMENDED COMPLAINT-40

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

232. The OCSO had a long standing practice, policy or custom of mismanaging the collection, storage, organization and destruction of evidence.

233. The OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully failing to review or analyze critical incidents over time including internal affairs investigations and bias based policing, in an intentional effort to avoid exposing trends or patterns that posed a threat to county residents. In the alternative, the OCSO had a long standing practice, policy or custom of inappropriately and/or unlawfully neglecting to review or analyze critical incidents including internal affairs investigations, and bias based policing, in reckless disregard to the threat any such trends or patterns posed to county residents.

234. These OCSO combined policies, practices or customs were intentional and created a culture of unaccountability and a custom whereby the OCSO would turn a blind eye towards its employees' misconduct and whereby the employees knew they could get away with such behavior without risk of losing their job. In the alternative, the OCSO's combined policies, practices or customs were done with a reckless disregard for their consequences and the threat they posed to county residents.

## G. OTHER ACTS THAT

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

## DEMONSTRATE PATTERN AND PRACTICE AT OCSO.

235.     Upon information and belief, Deputy Holloway had a sexual relationship with another drug addicted and practicing criminal female in Okanogan County, K.H, while he was employed with the OCSO.

236. Upon information and belief, women who were drug addicts or criminally involved, have admitted that they had a sexual relationship with Holloway or that Holloway attempted sexual activity with them while he was employed with the OCSO.

237. J.W. is an employee of and deputy with the OCSO.

238.     Upon information and belief, J.W. had an inappropriate sexual relationship with a woman, S.R., while he was employed with the OCSO.  At the time of the inappropriate relationship, S.R. was a known criminal and drug user.

239.     Upon information and belief, J.W. had an inappropriate sexual relationship with another woman whose name is unknown ("Jane Doe 1") while he was employed with the OCSO.

240.     Upon information and belief, J.W. was investigated by the OCSO for his inappropriate sexual relationship with S.R. and Jane Doe 1 prior to October 31, 2019.

241.     The investigator involved with the investigation of J.W.'s relationship with

FIRST AMENDED COMPLAINT-42

S.R. was Steve Brown, the Chief Criminal Deputy of the OCSO of the Sheriff's office at the time.

242.    Upon information and belief, J.W. was not punished for the relationship he had with S.R. or Jane Doe 1.

243.    On or about October 2019, a complaint was lodged against J.W. to Sergeant Tait Everett that J.W. was inappropriately using his position to assist and provide favors for K.F., a married woman with whom he was having a sexual relationship (the "K.F. Complaint").

244.    J.W. was inappropriately involved with and investigated at least two separate incidents where K.F. was involved after he had started a sexual relationship with K.F.

245.    Upon information and belief, the K.F. Complaint against J.W. was never investigated.

246.    Upon information and belief, J.W. was never disciplined for the K.F. Complaint.

247.    J.W.'s actions violated the constitutional rights of individuals involved in incidents that J.W. was investigating on behalf of K.F because J.W. inappropriately provided favors to K.F. in derogation of their rights and in violation of rights to due process.

FIRST AMENDED COMPLAINT-43

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

248.     Upon information and belief, J.W. was promoted to Sergeant in 2019.

249.     J.W. was promoted after the incident and any investigations into S.R., Jane Doe 1 and the K.F. Complaint.

250.     The OCSO failed to appropriately investigate the allegations of S.R., Jane Doe 1 and the allegations related to the K.F. Complaint.

251.     The OCSO did not obtain a neutral, third party investigator to investigate the allegations in the S.R., Jane Doe 1 and the K.F. Complaint.

252.     The OCSO and the Sheriff for the OCSO failed to appropriately supervise J.W. related to the K.F. Complaint and the incidents involving S.R. and Jane Doe 1, and the OCSO and the Sheriff for the OCSO ratified the conduct of J.W. by failing to discipline and otherwise appropriately supervise him.

253.     Upon information and belief, the Sheriff for the OCSO knew about the incidents with S.R., Jane Doe 1 and the K.F. Complaint and knew that proper punishment or other corrective action was not taken.

254.     The OCSO had a longstanding practice, custom and policy, well established, to allow employees to use personal information of criminals for their own personal gain.  For example, the Sheriff's office allowed employees to use contact information gained in the course of their duties to contact women they had met during the course of their duties for personal reasons. The Sheriff of the

FIRST AMENDED COMPLAINT-44

**FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC**
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

OCSO knew of this policy and made a decision to allow the practice, custom and policy, by failing to do anything to prevent it.

255.    Upon information and belief, other officers or employees within the OCSO are or were actively involved in drug use and exchanged favors such as letting female criminals off of charges, or letting female criminals out of custody in exchange for drugs.

256.    Upon information and belief, other officers or employees within the OCSO had inappropriate sexual relationships with criminals or inmates/former inmates of the county jail.

257.  Upon information and belief, B.I. is an employee of the OCSO.

258.  Upon information and belief, B.I. had an inappropriate sexual relationship with a woman involved in the criminal justice system.

259. Upon information and belief, B.I. was caught by the OCSO for the inappropriate sexual relationship and put on probation.

260. Upon information and belief, after being placed on probation, B.I. was caught again having inappropriate sexual relations.

261. Upon information and belief, B.I. was terminated from his employment for having the sexual relationship.

262. Upon information and belief, within a couple of years, B.I. was rehired by the

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

County.

263. Upon information and belief, B.I. still works for the County.

264. B.I. was not effectively disciplined for his sexual relationship.

265. T.P. was an employee of the OCSO.

266. Upon information and belief, T.P. had an inappropriate sexual relationship with a woman involved in the criminal justice system, A.B., who he booked into jail and pursued after her release for a sexual relationship.

267. Upon information and belief, T.P. had also been caught having an inappropriate sexual relationship with J.H. while employed at the OSCO.

268. T.P.'s inappropriate sexual relationship with A.B. was brought to the OCSO's attention but, upon information and belief, the OCSO never investigated it.

269.    The OCSO knew or had reason to know that Holloway was violating Fourth Amendment and/or Fourteenth Amendment constitutional rights of C.S.C. The OCSO and the Sheriff for the OCSO ratified, endorsed, and encouraged Holloway's conduct to the extent it became a custom and/or policy of the OCSO to violate the civil rights of, discriminate against, and harass drug using female criminals based on their sex by failing to sufficiently train, supervise, discipline or terminate Holloway, and by instead eventually promoting him.

270.    The OCSO came to receive information and had actual knowledge that

FIRST AMENDED COMPLAINT-46

Holloway, J.W. and others were inappropriately violating the Fourth Amendment and/or Fourteenth Amendment rights of female criminal defendants and known drug addicts and knew or should have known about Holloway's and J.W.'s inappropriate sexual relationships with C.S.C., M.G., R.S.P., M.S.P., V.O., K.F., S.R., Jane Doe 1 and others.

271.     The OCSO failed to properly investigate the M.G. Complaint, the C.S.C. Complaint, the March 7, 2020 Allegations, the admissions by Holloway, the K.F. Complaint, the complaints involving S.R. and Jane Doe 1 and other incidents during Holloway's employment with the OCSO.

272.     The OCSO and the Sheriff for the OCSO ratified the actions of J.W. and Holloway and others by failing to investigate, failing to train, failing to supervise and discipline Holloway and J.W. and to instead promote Holloway and J.W.

273.     Holloway had a known history of widespread activity, a pattern sufficient to alert the OCSO as to on-going violations of the rights of drug using women who were involved with law enforcement or were being investigated for crimes.

274.     There was a pattern (i.e., a custom or policy) within the OCSO, persistent and well settled, that employees of the OCSO knew that they could use their position to target drug using females who were active criminals for sexual advances and sexual favors in the form of *quid pro quo* harassment, other

FIRST AMENDED COMPLAINT-47

coercive harassment and discrimination and violate their Fourth and/or Fourteenth Amendment constitutional rights, as well as use their position to provide coercive and extortive favors to criminally active females.

275.    Defendants acted with callous, deliberate indifference and with reckless disregard of Plaintiff's constitutional rights.

276.    The acts of the Defendants shock the conscience.

277.    As the proximate result of Defendants' actions, including callous indifference and reckless disregard for the constitutional rights of Plaintiff, Plaintiff suffered from mental anguish and severe emotional distress.

## IV.    CAUSES OF ACTION

### CAUSE OF ACTION I
### VIOLATION OF C.S.C.'s CIVIL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENT AND ENFORCED BY 42 U.S.C. § 1983 - AS TO DEFENDANT HOLLOWAY

278.    Plaintiff incorporates each of the allegations detailed above into this cause of action.

279.    In committing the acts complained of herein, Defendant Holloway acted under color of state law to deprive Plaintiff, as alleged herein, of certain constitutionally protected rights including, but not limited to:

a.    The right not to be deprived of liberty and property without due process of law;

b.    The right to be free from invasion or

FIRST AMENDED COMPLAINT-48

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

interference with Plaintiff's privacy and bodily integrity;

c.    The right to equal protection under the law; and,

d.    The right to be free from unreasonable search and seizure and excessive force.

280.    Holloway, by misusing his position of power, specifically deprived Plaintiff of at least the following constitutional rights in the following ways: C.S.C.'s Fourth Amendment rights to a reasonable expectation of privacy in searches and seizures of her person and property were deprived and excessive force was used when Holloway used his position of authority to procure her personal contact information for personal means in the course of criminal investigations and while she was otherwise involved in the criminal justice system and used that contact information to flirt with and sexually harass her while he was investigating crimes in which C.S.C. was involved and while she was under threat of impending punishment from Okanogan County and the Court, culminating in his use of authority over her to exact sexual acts from her beginning when she was deep in meth addiction and while C.S.C. could still be punished under the criminal justice system for her involvement in a burglary and/or other crimes which Holloway knew about, where he detained and unreasonably searched and seized her person, while she was high, rendering her unable to leave until he had exacted sexual acts from her; C.S.C.'s Fourteenth

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

Amendment rights were violated when Holloway denied C.S.C.. her procedural due process rights when he exacted sexual acts from her instead of directing her through standard law enforcement and court procedures for her involvement in other drug-related activities; C.S.C..'s Fourteenth Amendment rights were violated when Holloway denied C.S.C. her substantive due process rights, a deprivation of liberty of her person without due process of law, when he: (a) exacted sexual acts from her instead of directing her through standard law enforcement and court procedures for her involvement in drug-related activities acts; (b) sexually assaulted her; and, (c) coerced her into performing sexual acts on multiple different occasions using his authority as a deputy in the small community where C.S.C. lived and frequently interfaced with law enforcement, due in part to her drug addiction, as leverage over her; and C.S.C.'s Fourteenth Amendment right to equal protection under the laws were violated when Holloway so exacted sexual acts from her and treated her differently than similarly situated persons based on her sex.

281.    Holloway is liable under section 1983 through the equal protection clause of the Fourteenth Amendment by, with bias and discriminatory intent, seeking C.S.C.. out based on her sex, and making increasingly harassing contact with her while and after she was involved in OCSO's ongoing investigations.

282.     In violating Plaintiff's rights as delineated above, and other rights according to proof, Defendant Holloway acted by verbal threat and intimidation, use of force, use of coercion, false detention, while the Plaintiff was intoxicated and a known drug addict and violated Plaintiff's rights under the Fourth and/or Fourteenth Amendments to the U.S. Constitution.

283.     As a direct and proximate result of the violations of her constitutional rights by Defendant Holloway, Plaintiff suffered general and special damages, to include attorneys' fees and costs, as alleged in this complaint.

284.     In violating C.S.C.'s constitutional rights, Holloway acted maliciously, wantonly, oppressively and while motivated by evil motive or intent and with reckless and callous indifference to the federally protected rights of C.S.C.

285.     Plaintiff is entitled to compensatory and punitive damages therefore.

286.     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## CAUSE OF ACTION II

### VIOLATION OF C.S.C..'S CIVIL RIGHTS UNDER THE FOURTEENTH AMENDMENT AND ENFORCED BY 42 U.S.C. § 1983 UNDER *MONELL* AS TO DEFENDANT OKANOGAN COUNTY

287.     Plaintiff incorporates each of the allegations detailed above into this cause of action.

288.     Defendant Okanogan County is liable under section 1983 through the

FIRST AMENDED COMPLAINT-51

Fourth Amendment and/or Fourteenth Amendment for its actions against Plaintiff.

289.     The actions detailed in the paragraphs above are actions motivated by a discriminatory intent to treat females differently from others similarly situated.

290.     Okanogan County, the OCSO and the Sheriff for the OCSO, the decision making authority for the OCSO, knew facts from which they could draw the inference that a substantial risk of ongoing harm to C.S.C. and other women existed.

291.     Okanogan County, the OCSO and the Sheriff for the OCSO, the decision making authority for the OCSO, adopted and promulgated a decision in response to Holloway's misconduct, which deprived C.S.C.'s constitutional rights, to:

(a)    allow employees to access the personal information of women, in violation of their right to privacy, for the personal gain of employees within the OCSO;

(b)    allow employees within the OCSO to use their position of power and authority to treat women differently than men in the course of their duties in violation of equal protection rights;

(c)    allow employees within the OCSO to unreasonably, in violation of their right to privacy, detain and, with excessive force, seize women for purposes of sexual harassment and sexual conduct;

FIRST AMENDED COMPLAINT-52

(d)   allow employees within the OCSO to use their position and authority to coerce vulnerable, often drug using and criminally involved, women into sexual conduct and deprive them of procedural due process rights by, instead of directing them through the court system, holding their violations over them to procure sexual acts from them;

(e)   allow employees within the OCSO to use their position and authority to coerce women, often drug using and criminally involved, into sexual conduct and deprive them of substantive due process rights, specifically their right to liberty of their person, by sexually assaulting them; and,

(f)   allow employees within the OCSO to use their position and authority to coerce women, often drug using and criminally involved, into sexual conduct and deprive them of substantive due process rights, specifically their right to liberty of their person, by exacting sexual acts from them in exchange for favors.

292.    The official policy of Okanogan County and the OCSO persistent and widespread, amounting to a practice of OCSO officials and employees, which was so common and well settled so as to constitute a custom that fairly represented district policy was to:

(a)   allow employees to access the personal information of women, in violation of their right to privacy, for the personal gain of employees within the OCSO;

FIRST AMENDED COMPLAINT-53

(b)   allow employees within the OCSO to use their position of power and authority to treat women differently than men in the course of their duties in violation of equal protection rights;

(c)   allow employees within the OCSO to unreasonably, in violation of their right to privacy, detain and, with excessive force, seize women for purposes of sexual harassment and sexual conduct;

(d)   allow employees within the OCSO to use their position and authority to coerce vulnerable, often drug using and criminally involved, women into sexual conduct and deprive them of procedural due process rights by, instead of directing them through the court system, holding their violations over them to procure sexual acts from them;

(e)   allow employees within the OCSO to use their position and authority to coerce women, often drug using and criminally involved, into sexual conduct and deprive them of substantive due process rights, specifically their right to liberty of their person, by sexually assaulting them; and,

(f)   allow employees within the OCSO to use their position and authority to coerce women, often drug using and criminally involved, into sexual conduct and deprive them of substantive due process rights, specifically their right to liberty of their person, by exacting sexual acts from them.

FIRST AMENDED COMPLAINT-54

**FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC**
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

293.    Defendant Okanogan County and the OCSO failed to take immediate, effective or even good faith remedial steps to resolve such sexual harassment and constitutional rights violations in spite of its actual knowledge of such abuse occurring and actively chose to overlook it and allow it to continue, even promoting Holloway despite his history of civil rights violations, discrimination and harassment of women, based on an invidious intent to discriminate against females.

294.    Okanogan County, the Sheriff for the OCSO and the OCSO ratified, endorsed, and encouraged Holloway's conduct to the extent it became a custom and/or policy of the OCSO to violate the civil rights, discriminate against and harass drug using female criminals based on their sex when it failed to sufficiently train, supervise, report, discipline or otherwise act in response to the identified complaints and actions, as well as other complaints and actions.

295.    Defendants Okanogan County and the OCSO are liable for their execution of policies, customs and practices, as well as for their actions in failing to adequately train, monitor, investigate, supervise and/or discipline its agents and employees and violated the constitutional rights of the citizens of Okanogan County, including but not limited to C.S.C..

296.    These failures by Defendants Okanogan County and the OCSO were a

FIRST AMENDED COMPLAINT-55

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

moving force behind the constitutional rights violations suffered by C.S.C., including violations of her Fourth and/or Fourteenth Amendment rights.

297.    There was a pattern, a widespread and longstanding practice or custom, within the OCSO, persistent and well settled, that employees of the OCSO knew that they could use their position to target drug using and intoxicated women who were active criminals for sexual advances and sexual favors and violate their Fourth and/or Fourteenth Amendment constitutional rights through coercion or other means without suffering consequence because the highest levels of the OCSO had an ongoing practice of turning a blind eye to both the risk such behaviors posed to the Okanogan community and the actual knowledge of law enforcement abusing their positions to take advantage of drug using female criminals in violation of their constitutional rights.  The identified pattern is deliberately indifferent toward the constitutional rights of Plaintiff.

298.    The identified pattern was the cause (i.e., the "moving force") behind the constitutional violations identified herein.

299.    Okanogan County, the OCSO and the Sheriff for the OCSO showed deliberate indifference to the constitutional rights of Plaintiff when it failed to appropriately investigate allegations against Holloway and otherwise supervise Holloway and others, including but not limited  to the C.S.C. Complaint, the

FIRST AMENDED COMPLAINT-56

M.G. Complaint, the March 7, 2020 Allegations, admissions made by Holloway, the K.F. Complaint, the complaints regarding S.R. and Jane Doe 1 and other complaints that notified Okanogan County that Holloway and others were violating constitutional rights. The lack of investigation and supervision created a foreseeable, high risk of continued constitutional violations. This deliberate indifference was the cause (i.e., the "moving force") behind the constitutional violations identified herein.

300.     Okanogan County, the OCSO and the Sheriff for the OCSO showed deliberate indifference to the constitutional rights of Plaintiff when it failed to appropriately discipline Holloway and others over conduct, including but not limited to the C.S.C. Complaint, the M.G. Complaint, the March 7, 2020 Allegations, admissions made by Holloway, the K.F. Complaint, the complaints surrounding S.R. and Jane Doe 1 and other complaints that notified Okanogan County that Holloway and others were violating constitutional rights of females in the area. The lack of discipline created a foreseeable risk of continued constitutional violations. This deliberate indifference was the cause (i.e., the "moving force") behind the constitutional violations identified herein.

301.     Okanogan County, the OCSO and the Sheriff for the OCSO showed deliberate indifference to the constitutional rights of Plaintiff when it failed to

FIRST AMENDED COMPLAINT-57

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

appropriately train Holloway and others after and related to conduct, including but not limited to the C.S.C. Complaint, the M.G. Complaint, the March 7, 2020 Allegations, admissions made by Holloway, the K.F. Complaint, the complaints regarding S.R. and Jane Doe 1 and other complaints that notified Okanogan County that Holloway and others were violating constitutional rights, despite an obvious need for such training. The lack of appropriate training created a foreseeable, high risk of continued constitutional violations.  This deliberate indifference was the cause (i.e., the "moving force") behind the constitutional violations identified herein.

302.    Okanogan County, the OCSO and the Sheriff for the OCSO ratified the conduct of Holloway when it failed to investigate, discipline, train or otherwise act in response to the identified complaints and actions. The ratification created a foreseeable, high risk of continued constitutional violations.  The ratification was the cause (i.e., the "moving force") behind the constitutional violations identified herein.

303.    Based on the paragraphs set forth and alleged above, the County and the OCSO are liable for compensatory damages caused to C.S.C. and attorneys' fees and costs for their actions in failing to promulgate, issue and enforce appropriate procedures and policies in violation of 42 U.S.C. § 1983 and *Monell*.

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

304. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## CAUSE OF ACTION III

### DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION (RCW 49.60 *et. seq.*)
### AS TO OKANOGAN COUNTY and HOLLOWAY

305.      Plaintiff incorporates each of the allegations detailed above into this cause of action.

306.      C.S.C. is a woman.

307.      Pursuant to the Washington Law Against Discrimination ("WLAD") C.S.C. has the right to be free from contact with Okanogan County, the OCSO, and Holloway without discrimination based upon sex.

308.      Pursuant to the WLAD C.S.C. has the right to be free from contact with Okanogan County, the OCSO and Holloway without harassment based upon sex.

309.      C.S.C. was in active drug addiction to meth when she first met Deputy Holloway and was pursued by him and began sexual contact with him.

310.      Addiction is a disability under Washington Law and is subject to the protections of the WLAD.

311.      Okanogan County, the OCSO and Holloway violated the rights of C.S.C. under the WLAD when C.S.C. was forced to endure harassment, retaliation, sexual     advances,     inappropriate

FIRST AMENDED COMPLAINT-59

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

sexual activity and other discriminatory and harassing acts delineated herein, including disparate treatment, *quid pro quo* harassment and coercive harassment in her contact with Holloway and others within the OCSO, as detailed in this complaint and incorporated into this cause of action, based upon her sex and disability. These actions are violations of the WLAD.

312.     C.S.C. has incurred general and special damages, including attorney's fees and costs, because of the violations of the WLAD advanced by defendants and the Defendants, Okanogan County, the OCSO and Holloway are liable for those damages.

313. WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## CAUSE OF ACTION IV

### NEGLIGENT SUPERVISION AND RETENTION AS TO OKANOGAN COUNTY AND THE OCSO

314.     Plaintiff incorporates each of the allegations detailed above into this cause of action.

315.     Okanogan County and the OCSO owed a duty to C.S.C. to supervise, discipline and appropriately retain Holloway as an employee of the OCSO and act as a reasonable employer and without negligence. It was foreseeable that Holloway would come into contact with C.S.C., other members of the public, other known female criminals and

FIRST AMENDED COMPLAINT-60

other known drug addicts and harass them.

316.    Okanogan County and the OCSO breached that duty by failing to act as a reasonable employer/supervisor under the circumstances and appropriately investigate the M.G. Complaint, the C.S.C. Complaint, the March 7, 2020 Allegations, the admissions by Holloway, the K.F. Complaint, the complaints regarding S.R. and Jane Doe 1 and other incidents that occurred during Holloway's employment with the OCSO.

317.    Okanogan County and the OCSO breached that duty by failing to act as a reasonable employer/supervisor under the circumstances and appropriately supervise, investigate and discipline Holloway over the M.G. Complaint, the C.S.C. Complaint, the March 7, 2020 Allegations, the admissions by Holloway, and other incidents during Holloway's employment with the OCSO.

318.    Okanogan County and the OCSO breached that duty by failing to act as a reasonable employer/supervisor under the circumstances and retained Holloway after the M.G. Complaint, the C.S.C. Complaint, the March 7, 2020 Allegations, the admissions by Holloway and other incidents during Holloway's employment with the OCSO.

319.    Okanogan County and the OCSO breached that duty by failing to act as a reasonable employer/supervisor under the circumstances and failing to train

FIRST AMENDED COMPLAINT-61

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

Holloway – either before, during or after - the M.G. Complaint, the C.S.C. Complaint, the March 7, 2020 Allegations, the admissions by Holloway and other incidents during Holloway's employment with the OCSO.

320.    Okanogan County and the OCSO breached that duty when they negligently kept Plaintiff in a position to be repeatedly coerced and susceptible to the sexual advances of Holloway.

321.    The negligence of Okanogan County and the OCSO caused foreseeable damages to C.S.C. to be proven at trial, including special damages, general damages, emotional damages and other damages.

322.    WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

**CAUSE OF ACTION V**

**ACTING IN CONCERT/CIVIL CONSPIRACY**

323.    Plaintiff incorporates each of the allegations detailed above into this cause of action.

324.    All acts of Defendants Holloway, Okanogan County and the OCSO alleged in this complaint were performed in the course and scope of a civil conspiracy between them and/or in concert with each other.

325.    Holloway, Okanogan County and the OCSO knew of the conduct of Holloway, protected Holloway from retribution, covered for Holloway, failed to

FIRST AMENDED COMPLAINT-62

FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC
124 N. Wenatchee Ave., Suite A
Wenatchee, WA 98801
(509) 662-9602  Fax: (509) 662-9606

appropriately investigate and supervise Holloway and otherwise acted to further Holloway's interests in having sexual relationships with drug using women and women who were criminals or actively involved in the criminal justice system.

## RESERVATION OF RIGHTS

326.    Plaintiff reserves the right to assert additional claims as may be appropriate following further investigation and discovery.

## JURY TRIAL DEMAND

327.    Plaintiff hereby demands a jury trial in this matter.

## V.   PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment as follows:

(a) For such general and special damages in an amount to be proven at trial with interest thereon;

(b) Plaintiffs' reasonable costs and attorneys' fees incurred in maintaining this action as allowed by Chapter RCW 49.60;

(c) Plaintiffs' costs and attorneys' fees as allowed by 42 U.S.C. § 1988 and all other applicable bases for an award of attorneys' fees and costs;

(d) Punitive damages as allowed by 42 U.S.C. § 1983 as to Defendant Holloway and under any other provision of law for which punitive damages may be awarded;

FIRST AMENDED COMPLAINT-63

(e) Pre and post-judgment interest as applicable; and

**(f)** Such other and further relief as this Court deems just and equitable under the circumstances of this case.

Submitted this 17th day of November, 2023.

**FOREMAN, HOTCHKISS, BAUSCHER & ZIMMERMAN, PLLC**

/s/Tyler Hotchkiss
Tyler Hotchkiss, WSBA No. 40604
Mari Foreman Groff, WSBA No. 56030
124 N. Wenatchee, Ave., Suite A
P. O. Box 3125
Wenatchee, WA
(509) 662-9602; Fax (509) 662-9606
mari@fhbzlaw.com
tyler@fhbzlaw.com
Attorneys for C.S.C.

FIRST AMENDED COMPLAINT-64

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of November, 2023, I electronically filed

the foregoing with the Clerk of the Court for the United States District Court for the

Eastern District of Washington using the CM/ECF System.  Notice of this filing will

be sent to the parties listed below by operation of the Court's electronic filing system:

Patrick McMahon, No. 18809
patm@carlson-mcmahon.org
Attorney for Defendants Okanogan County and Okanogan County Sheriff's
Office


Amanda Bley Kuehn, No. 42450
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
abley@lldkb.com
Attorney for Isaiah Holloway in Vanessa Velasco Ortega v. Okanogan County

and Isaiah Holloway

FIRST AMENDED COMPLAINT-65

Parties may access this filing through the Court's system.

SIGNED and DATED at Wenatchee, Washington this 17th day of November, 2023.

By_____/s/Tyler D. Hotchkiss_____
TYLER D. HOTCHKISS, WSBA No. 40604
MARI FOREMAN GROFF, WSBA No. 56030
Attorneys for Plaintiff Christina St. Clair

FIRST AMENDED COMPLAINT-66