FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 09, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

CHRISTINA ST. CLAIR, an individual,

Plaintiff,

v.

OKANOGAN COUNTY, WASHINGTON, a municipal corporation; and ISAIAH HOLLOWAY, an individual and employee of the OKANOGAN COUNTY SHERIFF'S OFFICE,

Defendants.

No. 2:23-CV-0280-RLP

ORDER GRANTING MOTION FOR PROTECTIVE ORDER, IN PART

Before the Court is the parties' stipulated Motion for a Protective Order, ECF No. 62. The parties seek to protect "those portions of Okanogan County Sheriff's Office employment files marked as Confidential and produced by the County." ECF No. 62 at 2. For the reasons discussed below, the Court grants the motion, in part.

Washington's Public Records Act (PRA) generally requires disclosure of public records unless a specific exemption applies. RCW 42.56.070(1). Although the PRA exempts certain personal information contained in public employee files, *see* RCW 42.56.230(3); RCW 42.56.250(1), public employee records are not categorically exempt from disclosure. *See Predisik v. Spokane Sch. Dist. No. 81*, 182 Wash. 2d 896, 905-07, 346 P.3d 737 (2015) (requiring a "record-specific" inquiry to determine whether public employee records are exempted from disclosure under the PRA).

The parties' proposed protective order defines "Confidential Material" as "those portions of Okanogan County Sheriff's Office employment files marked as Confidential and produced by the County." ECF No. 62 at 2. The Court concludes this definition is too broad. Protection is appropriate only for those portions of the employment files that are exempt from disclosure under the PRA.

**Accordingly, IT IS ORDERED:**

1. The parties' stipulated Motion for a Protective Order, **ECF No. 62,** is **GRANTED, IN PART**.

2. For purposes of the protective order, the definition of "Confidential Material" is limited to those portions of the Okanogan County Sheriff's Office employment files that are exempt from disclosure under Washington's PRA, using

the inquiry set forth in *Predisik*. Material may not be designated confidential solely because it is maintained in an employment or personnel file.

3. Except as modified by this Order, the remaining provisions of the parties' proposed protective order at ECF No. 62 apply to material properly designated confidential under paragraph II.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order and provide copies to counsel.

DATED September 9, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE